CITED *in Stewart* v. *Fitch,* 2 *Vr.* 19.

## JOHN G. READING v. SIDNEY READING.

1. It is sufficient in the affidavit, required upon entering a judgment by confession, to state that the debt is justly *due* without stating that it is justly *owing.*

2. It is not a sufficient setting forth the consideration of a bond on which judgment is confessed to state that it is a promissory note given by the defend-

ant to A., and by him endorsed to the plaintiff: the mere giving and endorsing over a promissory note is not a sufficient consideration for a bond, without there is some consideration, either for the making of the note or for its assignment. *Per* OGDEN, J.—A *bona fide*, although an inadequate consideration for the assignment would make the consideration good for the payment to the full amount of the note.

3. An admission of error by a defendant in error, accompanied with a re- quest to reverse the judgment, will not induce the court to reverse a correct judgment.

4. The court in which a judgment by confession is entered may set it aside, on motion of the defendant, without any writ of error.

A judgment was entered in the Hunterdon Common Pleas, in favor of John G. Reading against Sidney Reading, by con- fession on bond and warrant of attorney. The defendant after- wards applied to the court below to set aside the judgment for defects in the affidavit. The affidavit did not state that the debt was justly *due and owing*, but only that it was justly due. Also it set forth that *part* of the consideration of the bond was a note of hand, given by defendant to John R. Holcomb, and endorsed by said J. R. Holcomb to the plaintiff, without stating the date or amount of the note, when it was payable, or what was the consideration of the note or endorsement of it.

For these reasons, the court below set aside the judgment. The plaintiff below brought a writ of error to reverse this order setting aside the judgment. After the writ of error, the defend- ant executed a deed, admitting that the judgment below was correct, and the order setting it aside illegal, and requesting that said order be reversed.

The case was argued before the CHIEF JUSTICE and Justices OGDEN and POTTS, by Mr. *Clark* and Mr. *Wurts*, for plaintiff in error, and Mr. *Dayton* and Mr. *Randolph*, for defendant in error.

*Clark* and *Wurts*, for plaintiff, contended—

1. That a judgment could not be set aside on motion where there was no pretence of fraud, but only an error in practice or irregularity in the entry ; the only remedy for this was by writ of error, and especially in this case, where it appeared, by the paper executed by the defendant, that he was not de-

fending this writ of error, could any irregularity other than fraud be taken advantage of by creditors.

2. That when the consideration of the bond was a note given by the defendant to a third party, it was not necessary to set forth any other consideration : such note is the *true* consideration of the bond, which is all the statute requires to be stated ; it is a *sufficient* consideration, as against the defendant.   If subsequent creditors had applied to set aside this judgment, they could not set it aside as irregular, because the directions of the statute had in the affidavit been strictly complied with ; but they might, on the ground of fraud, upon proof that the note was given and received without consideration and to give a pretence for the judgment.

In support of these positions, they cited 5 *Halst.* 367, *Coryell* v. *Scudder ;* 1 *Harr.* 141, *Hoyt* v. *Hoyt ;* 3 *Harr.* 239, *Reynolds* v. *Sykes ;* 3 *Green* 376, *Evans* v. *Adams ;* 6 *Halst.* 322, *Latham* v. *Lawrence ; Rev. Stat.* 945, § 3 ; 2 *Green* 440, *Company* v. *Baldwin ;* 3 *Harr.* 490, *Yard* v. *Bodine.*

*Dayton* and *Randolph,* for defendant in error.

The affidavit required by the statute was intended to guard against fraud, and the requisitions of the statute must be so construed as to effect that object.

The words *due* and *owing* are both required ; they are not synonymous ; a debt, by the terms of the statute, may be *due,* and yet not justly *owing.*   6 *Halst.* 340, *Engle* v. *Blair.*

The consideration of the bond must be set forth : this means not merely another bond or note, given perhaps for the very purpose, else the statute would be evaded merely by drawing another paper, but a real, substantial, legal cause of action.

Besides, here is no description to identify this note ; the same note might be the consideration of several judgments, and it could not be traced through affidavits like this.

OGDEN, J.   The writ in this case has removed before us an order, made by the court below on the 24th of January, 1853, as in the term of December, 1852, setting aside a judgment by confession, entered on the 10th of May, 1852, in favor of John

G. Reading against Sidney Reading, upon a bond, in the penal sum of $1613.58, with warrant of attorney, and also the execution which had been issued thereon.

The judgment was vacated by that court for an alleged defect in the affidavit required to be produced to the judge, at the time of confessing the judgment, by the 5th section of the "Act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments," and without which it is enacted that no judgment shall be entered in any court of record.

Courts derive their power to render judgments on warrants of attorney from the common law; but a statute of this state has limited the exercise of that power to cases wherein a prescribed affidavit is produced to the officer. If a judge, or other officer, signs a judgment contrary to the provisions of the statute, the court having control over its records, upon good cause shown, may vacate and set aside such judgment, and declare it to be for nothing holden. Such was the action of the court below in this case.

The principal objection made in the Court of Common Pleas was, that the affidavit is not a compliance with the requirements of the act touching the true consideration of the bond. Its language is, "the true consideration of which said bond was money paid, laid out, and expended by this defendant to and for the said Sidney Reading, and also a note of hand given by the said Sidney Reading to one John H. Holcomb, and endorsed by the said John H. Holcomb to this deponent."

The judgment was confessed for $806.79, upon a bond bearing date two days before the signing of judgment, yet the affidavit does not disclose how much of that alleged indebtedness was for money paid, laid out, and expended by affidavit for the defendant, nor the amount of the note transferred by Holcomb. From aught that appears, the Holcomb note may have been for the payment of all but a fractional part of the sum named in the condition of the bond.

Again, the affidavit does not state what was the consideration of the note from Reading to Holcomb.

The answer given to that objection by the counsel of the

plaintiff is sufficient, that the endorsee of a negotiable note is not presumed to know upon what consideration it was given. Its face imports a consideration, and although *none* may have passed, yet it would be good against the payor in the hands of a *bona fide* assignee. 3 *Green* 377, *Evans* v. *Adams*. But the assignor of a note knows what was the consideration for its transfer to him, what price he paid for it, the manner in which the alleged indebtedness to him arose, whether he gave any value for it, or whether it was endorsed by the payee to him to evade the statute and dispense with its requirements.

The consideration or price paid by him will not limit his recovery to that amount, if he bought it at less than par value; but the affidavit should disclose *some* valuable consideration passing from him as the true cause of the indebtedness of the payor to him.

The ruling in 5 *Halst.*, *Scudder* v. *Coryell*, that a specification of the items of the consideration is not required, but that it may be stated in general terms, cannot sustain the affidavit in this case.

It is true that the affiant sets out in the affidavit that the whole sum of $806.79 is justly and honestly due to him from Sidney Reading; but that clause cannot be taken in lieu of a proper statement of the *true consideration* of the bond, because the legislature has required both those matters to be inserted in the affidavit, regarding them as distinct and independent matters, both important to promote their views, and hence, when either is omitted the affidavit is essentially defective.

This judgment may have been confessed for an honest debt, and no actual injustice may have been done by it to the defendant or to his other creditors, yet, as the legislature, in seeking "to secure fairness, honesty, and good faith in such transactions," in their wisdom have directed upon what condition alone an honest creditor can exercise his common law right of securing a just debt by a judgment, this court, when called upon to act, must, "*ex debito justicia*," see that the requirements of the statute are not evaded or misunderstood.

The affidavit is insufficient, and the order of the Common

Pleas, setting the judgment aside, should be affirmed with costs.

POTTS, J. John G. Reading entered up a judgment on bond and warrant of attorney in the Hunterdon pleas, in May, 1852, against Sidney Reading, for the sum of $806.79, and, at December term following, the defendant moved for a reversal of this judgment, on the ground of insufficiency of the affidavit. The affidavit stated that the said sum was "justly and honestly *due* to him (the said John G. Reading) from Sidney Reading, the above named defendant, being the principal on a bond, dated the 8th day of May, 1852, given, by the said Sidney Reading to this deponent, in the penal sum of $1613.58, conditioned for the payment of $806.79 on demand, with interest from the date thereof, the true consideration of which said bond was money paid, laid out, and expended by this deponent to and for the said Sidney Reading, and also a *note* of *hand*, given by the said Sidney Reading to one John R. Holcomb, and endorsed by the said John R. Holcomb to this deponent," &c. And the Court of Common Pleas, for the cause assigned, set aside and vacated the said judgment. This judgment of the Court of Common Pleas the plaintiff brings here by writ of error, and moves that the same be set aside, and the original judgment in all things affirmed.

The only question for this court to determine is, whether the Common Pleas committed any error in reversing the judgment below; and that depends upon the question, whether the affidavit was sufficient.

The statute (*Rev. Stat.* 946, § 5,) requires that the affidavit should set out "the *true consideration* of the bill, bond, deed, note, or other instrument of writing or demand for which the judgment shall be confessed," and shall further set forth that "the debt or demand for which the judgment is confessed is justly and honestly *due and owing*," &c. And this is alleged to be insufficient, because—1. It states that a part of the consideration was a note of hand assigned to the plaintiff, without stating its date or amount, what the true consideration of the note was, or whether any, and if any, what consideration was

given for it by the plaintiff to the assignor Holcomb.    And 2. Because it does not state that the debt was *owing*, as well as due, at the time the affidavit was made.

1. As to the first point.    In *Woodward* v. *Cook, assignee of Shinn*, 1 *Halst.* 160, this court set aside a judgment on bond and warrant of attorney, assigned to Cook by Shinn, because the affidavit did not state the consideration of the *bond*, but merely the consideration of the *assignment* of the bond.    In *Administrators of Latham* v. *Lawrence*, 6 *Halst.* 322, it was held, that an affidavit stating that " the true consideration of the said bond is for one note of hand, bearing date, &c., for $120, payable, &c., and also for another note of hand, &c., (also described) both of which said notes were drawn by the said Thomas Lawrence, jun., and also for book account against the said Thomas, amounting to $128," was insufficient.    The court said, " The consideration is two notes of hand ; but for what were those notes given ? for an actual, real, honest debt ? for an illegal contract ? upon usury ? or to create a fictitious debt ? or simply to make a consideration for a bond, so as to satisfy a formal affidavit and sustain an entry of judgment ?"—" What is there then to show, as far as it respects the setting forth of the consideration in this affidavit, that this was not all a transaction concocted within the very hour when the judgment was entered up, and wholly devised to evade the statute ?"    These cases are decisive upon the first point.    The affidavit was clearly defective in this particular, and being so, the court below did not err in setting aside the judgment.

2. As to the second point taken below, to wit, that the affidavit was defective in not stating that the debt was *owing*, as well as due, it is sufficient to say, upon the authority of *Warwick* v. *Matlack*, 2 *Halst.* 165, *Scudder* v. *Coryell*, 5 *Halst.* 345, and *Hoyt* v. *Hoyt*, 1 *Harr.* 143, that this is not such a defect as would warrant the setting aside of a judgment on bond and warrant where the affidavit was in all other respects regular.    It is a *substantial* compliance with the statute.

But the counsel for the plaintiff in error produce a paper from the files of this court, signed by the defendant in error, in which he says that he is satisfied the judgment of reversal below was erroneous and unjust towards the plaintiff in error, and ought to be reversed; and he requests, consents, and agrees that this court shall set aside that judgment of reversal, and restore the original judgment in the pleas. And it is insisted that, as the plaintiff and defendant are the only parties to the record here, and creditors have no right to interfere with a judgment on the ground of mere irregularity, that we ought upon this writ of error, to reverse the judgment of the pleas which it brings up.

It is true that, as was held in *Evans* v. *Adams*, 3 *Green* 373, a judgment creditor has no right, simply because he is such, to inquire into the regularity of the judgment of another; that if *honest*, though irregular, it is binding against every body but the defendant. But here the judgment in the pleas was reversed not upon the application of creditors, but upon that of the defendant himself, and this makes a very different case. The question here is, not whether creditors had a right to move for a judgment of reversal below on the ground of a defective affidavit, which was the case of *Evans* v. *Adams*, but whether, after the defendant himself has got judgment against him reversed in the court below, for ground which was available for *him*, we can, even at his own request, now set aside that reversal on writ of error. The reversal below was right, and how can we say it was wrong? Besides, if the defendant honestly owes the debt, the judgment of reversal does not prevent his paying it, or securing its payment, by a new judgment or otherwise, if he has the means. If the motion for having the original judgment reinstated is *not* to give the plaintiff a priority over other creditors, it can be of little consequence to the parties that it should be done. If it *is* to give such priority, this court ought not to interfere. To do so to set aside the reversal would be to give vitality to an old lien held by a particular creditor, which has been removed by the defendant's own act, and this, I apprehend, we have no

right to do, unless error appeared in the judgment we are reviewing.

Let the judgment of reversal below be affirmed

The CHIEF JUSTICE concurred.